UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-670-FDW-DSC

| | |
|---|---|
| LEILA NASSER ASR, *individually and as a parent of minor child DM*,<br><br>    Plaintiff,<br><br>vs.<br><br>PETER M. GIFTOS, *et al.*,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on several motions, including: (1) Defendant Peter M. Giftos' ("**Giftos**") first Motion to Dismiss, (Doc. No. 7); (2) Defendant Novant Health, Inc.'s ("**Novant**") Motion to Dismiss, (Doc. No. 9); (3) Plaintiff Leila Nasser Asr's ("**Asr**") "Motion for Default Judgment for Defendant Dr. Giftos," (Doc. No. 14); (4) Asr's "Motion for Default Judgment against Defendant Novant Health," (Doc. No. 15); (5) Asr's Motion to Appoint Guardian ad Litem, (Doc. No. 16); (6) Asr's Motion for Summons, (Doc. No. 17); (7) Giftos' second Motion to Dismiss, (Doc. No. 21); (8) Asr's "Motion for Entry of Default," (Doc. No. 23); and (9) Asr's "Motion for Entry of Default," (Doc. No. 26).

As a preliminary matter, the Court GRANTS Asr's Motion for Summons for Defendant Novant Health Eastover Pediatrics, (Doc. No. 17). Asr may assert the claims of DM. This, however, is the extent to which Asr has standing in the instant matter. See Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) ("The difficulty therefore is not that Myers *asserted* his children's claim, but rather that he attempted to *litigate* that claim pro se.")

The Court now addresses Asr's Motion to Appoint Guardian ad Litem, (Doc. No. 16). Asr has brought this action "for Medical Malpractice, Healthcare Fraud, breach of fiduciary duties, and

1

discrimination" on behalf of her minor child, DM. (Doc. No. 1, p. 6). Asr is not an attorney, but now moves this Court to appoint herself as DM's Guardian ad Litem, asserting she is "fully qualified to serve as Guardian ad Litem of DM for the purpose of bringing a civil action on behalf of DM for the recovery of damages for personal injuries arisen out of the said incident." (Doc. No. 16). The Court respectfully disagrees.

The Federal Rules of Civil Procedure delineates only a limited class of persons who may sue or defend on behalf of a minor or incompetent person, including: "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." See Fed. R. Civ. P. 17(c). Similarly, under North Carolina law, minor plaintiffs "whether residents or nonresidents of [North Carolina], … must appear by general or testamentary guardian, if they have any within the State or by guardian ad litem appointed as hereinafter provided." N.C.R. Civ. P. 17(b)(1).

Here, as set forth above, Asr is not an attorney and, based on this Court's thorough review of her several procedurally improper and often-duplicative pleadings, does not have the legal competence to suggest to this Court that she is fully qualified to represent the interests of DM or be allowed to risk the rights of DM in this suit. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). To be clear, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." Myers, 418 F.3d at 400 (citations omitted). "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Id. (citation omitted). Consequently, it is well settled in the Fourth Circuit that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Id. at 401; see also Parsons v. McDaniel, 784 F. App'x 164, 164 (4th Cir. 2019). Therefore, Asr cannot litigate the interests of DM, and the Court DENIES Asr's Motion to Appoint Guardian ad Litem, (Doc. No. 16).

2

Given the extenuating circumstances, however, including Asr's residency, health issues, and unfamiliarity with the English language, **the Court grants Asr twenty-eight days, up to and including May 10, 2022, in which to find a proper guardian ad litem under both the Federal Rules of Civil Procedure and North Carolina Rules of Civil Procedure. In the event Asr is unable to find such guardian ad litem, the Court will dismiss this suit without prejudice without further warning.**

Based on the Court's denial of Asr's Motion to Appoint Guardian ad Litem, Asr does not have standing to litigate DM's claims and the Court, in turn, must deny the additional Motions filed by Asr, including her "Motion for Default Judgment for Defendant Dr. Giftos," (Doc. No. 14); "Motion for Default Judgment against Defendant Novant Health," (Doc. No. 15); "Motion for Entry of Default," (Doc. No. 23); and "Motion for Entry of Default," (Doc. No. 26). The Court further DENIES without prejudice Giftos' Motions to Dismiss, (Doc. Nos. 7, 21), and Novant Health's Motion to Dismiss (Doc. No. 9).

Furthermore, it has come to the Court's attention that Asr has harassed and threatened both Court staff and Defendant's Counsel during the pendency of the instant matter. The Court also recognizes this case stems from a personal injury action filed in North Carolina state court in 2017 captioned *Mogharrebi vs. KinderCare Educ., LLC, et al* (Mecklenburg County Civil Action 17-CVS-11996). (Doc. No. 27, p. 4). After concluding that matter by settlement, Asr has filed five separate lawsuits related to the settlement in this Court.[1] Id. Each of these suits were dismissed by this Court

---

[1] See Asr v. Monnett, No. 3:20-cv-139-MOC-DCK, 2020 U.S. Dist. LEXIS 202140 (W.D.N.C. Oct. 29, 2020), aff'd in part, aff'd as modified in part, No. 20-2276, 1987 WL 36541 (4th Cir. 2022); Asr v. Williams, No. 3:20-cv-140-MOC-DCK, 2020 U.S. Dist. LEXIS 194441 (W.D.N.C. Oct. 19, 2020), aff'd in part, aff'd as modified in part, No. 20-2276, 1987 WL 36541 (4th Cir. 2022); Asr v. Hansen, No. 3:20-cv-141-MOC-DCK, 2020 U.S. Dist. LEXIS 219499 (W.D.N.C. Nov. 21, 2020), aff'd in part, aff'd as modified in part, No. 20-2276, 1987 WL 36541 (4th Cir. 2022); Asr v. Kincaid, No. 3:20-cv-142-MOC-DCK, 2020 U.S. Dist. LEXIS 202122 (W.D.N.C. Oct. 29, 2020), aff'd in part, aff'd as modified in part, No. 20-2276, 1987 WL 36541 (4th Cir. 2022); and Asr v. Giordano,

and such dismissals were subsequently affirmed in part and affirmed as modified in part by the Fourth Circuit Court of Appeals. Accordingly, the Court takes this time to inform Asr of the potential consequences of any continued abusive or harassing behavior towards the Court and its staff and/or Defendants and their Counsel.

Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); see also Baldwin v. Boone, 812 F.2d 1400 (4th Cir. 1987) ("[R]ule [11] applies to pro se litigants as well as those represented by an attorney."). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous, and harassing lawsuits, and provides for sanctions as a deterrent. In addition to Rule 11, 28 U.S.C. § 1927 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. Sections 1927 states, in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. **Asr is hereby warned that, in the event she continues to engage in a pattern of filing duplicative, harassing, or abusive filings, this Court will strike such filings without further notice and consider the imposition of sanctions, including a pre-filing injunction.** See Bryan v. S.C. Dept. of Corr., No CIVA 408CV1590TLWTER, 2009 WL 702864, at *5 (D.S.C. Mar. 16, 2009) (citing Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004)) ("This Court has the authority to order a prefiling injunction or other appropriate sanctions against vexatious litigants…. The sanctions which the Court may consider include, but are not limited to:

---

No. 3:20-cv-143-MOC-DCK, 2020 U.S. Dist. LEXIS 202130 (W.D.N.C. Oct. 29, 2020), aff'd in part, aff'd as modified in part, No. 20-2276, 1987 WL 36541 (4th Cir. 2022).

4

Case 3:21-cv-00670-FDW-DSC    Document 28    Filed 04/12/22    Page 4 of 6

(1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available under Rule 11 of the Federal Rules of Civil Procedure.").

IT IS THEREFORE ORDERED that:

(1) Giftos' first Motion to Dismiss, (Doc. No. 7), is DENIED without prejudice;

(2) Novant's Motion to Dismiss, (Doc. No. 9), is DENIED without prejudice;

(3) Asr's "Motion for Default Judgment for Defendant Dr. Giftos," (Doc. No. 14), is DENIED;

(4) Asr's "Motion for Default Judgment against Defendant Novant Health," (Doc. No. 15), is DENIED;

(5) Asr's Motion to Appoint Guardian ad Litem, (Doc. No. 16), is DENIED;

(6) Asr's Motion for Summons, (Doc. No. 17), is GRANTED;

(7) Giftos' second Motion to Dismiss, (Doc. No. 21), is DENIED without prejudice;

(8) Asr's "Motion for Entry of Default," (Doc. No. 23), is DENIED; and

(9) Asr's "Motion for Entry of Default," (Doc. No. 26), is DENIED.

Asr shall have twenty-eight days, up to and including May 10, 2022, in which to find a proper guardian ad litem to represent the interests of DM in this suit. In the event Asr is unable to find such guardian ad litem, this Court will dismiss this suit without prejudice without further warning.

IT IS SO ORDERED.

Signed: April 11, 2022

Frank D. Whitney
United States District Judge