UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00670-FDW-DSC

| | |
|---|---|
| LEILA NASSER ASR, *individually and as parent of minor child DM*, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| PETER M. GIFTOS *et al.*, | ) ) |
| Defendants. | ) ) ) |

ORDER

THIS MATTER is before the Court on the following motions: (1) Plaintiff Leila Nasser Asr's ("**Asr**") Motion to Vacate this Court's April 12, 2022, Order and April 15, 2022, Text-Only Order; Motion for Recusal; Motion to Stay; and Motion to Admit Evidence, (Doc. No. 33) ("**Motion to Vacate**"); (2) Defendant Novant Health Eastover Pediatrics' ("**Eastover**") Motion to Dismiss, (Doc. No. 34); and (3) Asr's Motion to Strike Eastover's Motion to Dismiss and Memorandum in Support thereof; Motion for Sanctions; Motion for Entry of Default; and Motion for Default Judgment, (Doc. No. 38) ("**Motion to Strike**"). The motions are now ripe and, for the reasons set forth herein, the Court DENIES Asr's Motion to Vacate, DENIES AS MOOT Eastover's motion, and STRIKES Asr's Motion to Strike.

As set forth more fully in its April 12, 2022, Order, the Court previously found Asr, who is not an attorney, does not have the legal competence to suggest she is qualified to represent the interest of her minor child, DM, or be allowed to risk the rights of DM in this suit. (See Doc. No. 28). Based on this finding, the Court *sua sponte* granted Asr twenty-eight days in which to find a proper guardian ad litem under both the Federal and North Carolina Rules of Civil Procedure. Id. at 2. The Court further warned Asr that it would dismiss this suit without prejudice without

1

further warning if Asr was unable to find such guardian ad litem.  Id.  As of September 23, 2022, Asr has not found a proper guardian ad litem.  Instead, she has filed several additional frivolous and harassing motions that the Court addresses below.  These motions further prove to the Court that Asr is not qualified to bring claims on behalf of DM as a *pro se* litigant.  Accordingly, and for the same reasons set forth in the Court's April 12, 2022, Order, (Doc. No. 28), the Court DISMISSES all claims Asr asserts on behalf of her minor child, DM.  Because it is unclear to the Court what, if any, claims Asr asserts individually, on behalf of herself only, **the Court hereby ORDERS Asr to file an amended complaint that complies with the Federal and North Carolina Rules of Civil Procedure, including Rules 8 and 9, for all claims she raises individually within twenty-eight days, up to and including October 21, 2022.**  Asr's failure to do so will lead to the dismissal of all of her claims.

The Court now turns to the Motion to Vacate, wherein Asr moves to vacate the Court's April 12, 2022, Order and April 15, 2022, Text-Only Order pursuant to Rule 60 of the Federal Rules of Civil Procedure; moves for recusal under "28 U.S.C. § 144, 28 U.S.C. § 455, and Marshall v. Jerrico Inc., 446 U.S. 238 (1980)"; moves—for the second time—for a stay of this action "until the criminal courts rule on criminal issues in this case"; and moves to "admit evidence."  (See Doc. No. 33).

In her motion, Asr belligerently argues the Court's previous Orders should be vacated pursuant to Rule 60 of the Federal Rules of Civil Procedure "because 1) it is a void judgment; 2) it is based on judges and clerks conspiracy to deprive plaintiffs of their rights; 3) it is based on fraud upon this court; 4) it is based on documents forged by judges and clerks of this court; 5) It (sic) is based on frame-up against plaintiffs; 6) it violated constitution, laws, rules, and due process of law; 7) it deprived plaintiffs of their fundamental and constitutional rights; 8) it is

2

based on prejudice, bias, and discrimination against plaintiffs; 9) it is illegally provided in the favor and advantage of defendants; 10) it lacks explanation, transparency, fact, evidence, conclusion of law, and interpretation of law; 11) it obstructed and denied justice for plaintiffs; [and] 12) it threatened plaintiffs for being denied of their constitutionally protected rights if they continue to exercise their constitutionally protected right and endangered plaintiffs case to be unjustifiably dismissed." (Doc. No. 33, p. 2). Rule 60 is entitled "Relief from a Judgment or Order." While Rule 60(a) provides an avenue for courts to "correct a clerical mistake or a mistake arising from oversight or omission … in a judgment, order, or other part of the record," Rule 60(b) sets forth several reasons why a court may relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60. Relief from an order may be granted under Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Although Asr conclusorily asserts, among other things, mistake, fraud, and misconduct by an opposing party—and the court, Asr fails to set out any specific argument, much less evidence, to support her motion under either Rule 60(a) or (b). Instead, she raises several baseless accusations that are insufficient to support the relief she requests. United States v. Nelson, 5:95-333, 2019 WL 2117980, *2 (D.S.C. May 15, 2019) (finding Defendant's conclusory arguments insufficient to support a Rule 60 motion). Accordingly, the Court declines to vacate its previous Orders.

Next, the Court addresses Asr's assertion that recusal is necessary. Using the same baseless and conclusory "factual" assertions relied upon in her motion to vacate, Asr argues "Judge Whitney has bias, prejudice, and partiality against plaintiffs, used coercion, duress, violence, threat, and intimidation instead of laws and rules in his order, has taken a side with defendants, discriminated against plaintiffs, deprived plaintiffs of their fundamental human rights and constitutionally protected rights, [and] as such …[,] Judge Whitney is in disqualified status and his recusal is mandated." (Doc. No. 33, p. 24). The Fourth Circuit has explained:

> Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is where a judge "has a personal bias or prejudice concerning a party …." 28 U.S.C. § 455(b)(1).
>
> …
>
> The upshot of these cases is clear: while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor. If we were to "encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes," In re United States, 441 F.3d 44, 67 (1st Cir.2006), we would make litigation even more time-consuming and costly than it is and do lasting damage to the independence and impartiality of the judiciary. In other words, recusal decisions "reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Id. (quoting In re Allied–Signal Inc., 891 F.2d 967, 970 (1st Cir.1989)).

Belue v. Leventhal, 640 F.3d 567, 572–74 (4th Cir. 2011). Under this framework, "a decision in favor of recusal that lacks a factual basis satisfying the requisite objective inquiry is improper; '[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.'" United States v. Farkas, 149 F. Supp. 3d 685, 691 (E.D. Va.), aff'd, 669 F. App'x 122 (4th Cir. 2016) (citation omitted).

Here, it is clear that Asr is using her motion for recusal as a strategic move to remove a judge whose ruling she dislikes. Asr's misunderstanding of the law has led to a fanciful conspiracy wherein she believes the Court has "used the judge's office to obtain special treatment for defendants … coerced and discriminated against plaintiffs, violated the law and **refused to enter default judgment and strike defendants** (sic) **motions to dismiss with prejudice** (sic) …, [and] maliciously and unjustly provided opportunity for defendants and illegally permitted them to refile their motions to dismiss." Id. at 26 (emphasis in original). Indeed, Asr has gone so far as to assert "Judge Whitney … actually lied and deceived this court and defamed, framed, threatened and intimated plaintiff." Id. at 25. Not only has Asr failed to substantiate her claims of bias and impartiality with evidence, but she has also once again proven to the Court the danger she would pose—and the inadequate representation she would provide to DM—if the Court were to appoint her guardian ad litem. Plaintiff's "assertions merely of a conclusionary nature are not enough [to support recusal], nor are opinions and rumors. The facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists." United States v. Farkas, 669 F. App'x 122, 123 (4th Cir. 2016) (per curiam) (cleaned up). Accordingly, Asr's motion to recuse will also be DENIED.[1]

To the extent the Motion to Vacate also moves to stay this proceeding, the Court finds such a stay wholly unjustified. Asr's entire argument supporting her motion to stay is as follows: "Plaintiffs move to vacate [the April 15, 2022, Text-Only Order] and stay the proceedings of this court until the Criminal Investigation is done and the criminal Court rules on the criminal issues." (Doc. No. 33, p. 27). The court is unaware of any criminal proceeding that would impact the

---

[1] For the same reasons, Plaintiff has failed to sufficiently support her motion for recusal under any authority cited in support of her argument. See 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein …. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists …. A party may file only one such affidavit in any case."); Marshall v. Jerrico, Inc., 446 U.S. 238 (1980) (discussing the impartial and disinterested tribunal afforded and zealously protected under the Due Process Clause).

course of the present action, and, other than as described above, Asr failed to bring any such proceeding to the Court's attention.

Similarly, the Court finds no sufficient basis to grant Asr's motion to "admit evidence." As a preliminary matter, the Court is unable to determine what evidence Asr seeks to admit. In her motion, Asr states she seeks to "admit plaintiffs' presented evidence in this document to the case." (Doc. No. 33, p. 28). In construing Asr's pleading liberally, the Court speculates Asr is referring to the exhibits attached to her pleading. These exhibits were filed. (See Doc. No. 22-1). If, on the other hand, Asr's motion attempts to refer to other "evidence," the Court finds the motion unsupported—by argument, citation to statutory or case law, or otherwise—and must DENY the motion. Therefore, for the reasons set forth above, the Motion to Vacate is DENIED.

Finally, the Court turns to Asr's Motion to Strike, wherein Asr moves to "strike defendants [sic] illegal motions and impose sanctions on defendants including but not limited to a) denial of participating in proceeding, b) monetary sanctions, c) dismissal of their filings, d) entry of an order of contempt of court, and e) any and all other forms of sanctions available under Rule 11, 28 U.S.C. § 1927, and other laws and rules." (See Doc. No. 36, p. 4). This is yet another meritless and improper motion. To the extent Asr's Motion to Strike includes yet another motion for entry of default and motion for default judgment, this constitutes the **fifth** improper motion of its kind. Further, her entire motion, like the others before it, is littered with duplicative, improper, and/or unsubstantiated accusations against defense counsel, the Court, and court staff. See e.g., id. at 6 ("Defendants, Moyers, judges, and clerks of this court conspired and colluded and deprived plaintiffs of their fundamentally and constitutionally protected rights…."). Accordingly, the motion is hereby stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading … any redundant, immaterial,

6

impertinent, or scandalous matter.") **The Court warns Asr for the second time that this Court will strike any additional duplicative, harassing, abusive, or vexatious filings without further notice and may impose sanctions, including monetary sanctions and/or a pre-filing injunction.** (See Doc. No. 28, pp. 4-5).

IT IS THEREFORE ORDERED that all claims brought by Asr on behalf of DM are DISMISSED without prejudice to refiling upon the finding of a proper guardian ad litem.

IT IS FURTHER ORDERED that Asr shall have twenty-eight days, up to and including October 21, 2022, in which to file an amended complaint in accordance with the Federal and North Carolina Rules of Civil Procedure which shall clearly state all claims she raises on behalf of herself only. Plaintiff's failure to file such amended complaint may lead to dismissal of her claims based on Rule 12 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Asr's Motion to Vacate, Motion for Recusal, Motion to Stay, and Motion to Admit Evidence, (Doc. No. 33), is DENIED; Eastover's Motion to Dismiss, (Doc. No. 34), is DENIED AS MOOT; and Asr's Motion to Strike, Motion for Sanctions, Motion for Entry of Default, and Motion for Default Judgment, (Doc. No. 36), is STRICKEN.

IT IS SO ORDERED.

Signed: September 23, 2022

_____
Frank D. Whitney
United States District Judge