## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:21-CV-00670-FDW-SCR

| | | |
|---|---|---|
| **LEILA NASSER ASR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **PETER M. GIFTOS,** | ) | |
| **NOVANT HEALTH, INC., and** | ) | |
| **NOVANT HEALTH EASTOVER** | ) | |
| **PEDIATRICS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), (Doc. No. 45), and Plaintiff's *pro se* Motion to Change Venue, (Doc. No. 48). Both Motions have been fully briefed, (Doc. Nos. 46, 48, 49), and are now ripe for review.[1] For the reasons discussed below, Defendants' Motion to Dismiss, (Doc. No. 45), is GRANTED, and Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE. Further, Plaintiff's Motion to Change Venue, (Doc. No. 48), is DENIED AS MOOT.

## I.    BACKGROUND

Plaintiff Leila Nasser Asr initiated this action on behalf of herself and her son—a minor— by filing a Complaint on December 17, 2021. (Doc. No. 1). According to the Complaint, Plaintiff is a citizen of Iran and a permanent resident of Canada. (Id. at 3). Plaintiff is not a licensed attorney and is proceeding *pro se*. (Id. at 5).

---

[1] The Court interprets Plaintiff's most recent filing, "Response to Document 47," (Doc. No. 48)—a reference to this Court's <u>Roseboro</u> Order, (Doc. No. 47)—as Plaintiff's Response to Defendants' Motion to Dismiss.

1

In the Complaint, Plaintiff appears to assert claims for medical malpractice, healthcare fraud, breach of fiduciary duties, intentional misrepresentation, and discrimination. (Id. at 6–12). These claims arise from two separate sets of events: (1) care and treatment that Defendant Dr. Giftos provided to Plaintiff's son beginning in 2014, after a preschool teacher allegedly assaulted the child in Charlotte (the "2014 Alleged Assault"); and (2) testimony that Defendant Dr. Giftos gave in 2018 for a North Carolina state-court action—initiated by Plaintiff on behalf of her son and pertaining to the 2014 Alleged Assault—that ended in a settlement agreement (the "2018 Settlement Agreement"). (Id.). Specifically, Plaintiff alleges Defendant Dr. Giftos (1) failed to provide proper care to Plaintiff's son after the 2014 Alleged Assault and (2) gave false testimony prior to the 2018 Settlement Agreement. (Id.).

Since filing the Complaint, Plaintiff has engaged in much contumacious behavior, outlined in detail in the Discussion below as the Court expounds on its decision to dismiss this case with prejudice. To briefly summarize, Plaintiff's recalcitrance includes: (1) filing multiple duplicative, harassing, abusive, and vexatious motions, which, among other things, make unfounded accusations that Defendants, Defendants' counsel, this Court, and this Court's Judges and staff are engaged in a conspiracy against Plaintiff;[2] (2) failing to comply with the Court's Order that

---

[2] The following are just a few selections of Plaintiffs numerous unfounded claims:

> [T]his court and the fourth circuit (judges and clerks) systematically acted based on racism, discrimination, hatred, animosity, violence, coercion, duress, intimidation, and threat against plaintiffs rather than acting based on laws and rules. They used the justice system as a weapon and violently attacked, threatened, intimidated, terrorized, and coerced plaintiffs and cruelly and inhumanely tortured, tormented, and harmed plaintiffs for the purpose of satisfying their hatred against plaintiffs' race and national origin, Middle East.

> These courts . . . conspired with defendants against plaintiffs' civil rights; . . . procured many orders based on fraud, coercion, partiality, prejudice, and discrimination against plaintiffs; made false statement [sic] of material facts and deceived courts and plaintiffs; . . . colluded with defendants and had secret (ex parte) communications with defendants; . . . aided and abetted with criminal activities of defendants; aided, abetted, and connived with criminal activities of other judges; are accomplice and accessory to defendants' commission of the crimes; . . . acted as a trespasser of the law; . . .

Plaintiff appoint a guardian ad litem for her son, who is a minor, (Doc. No. 28); and (3) failing to comply with the Court's Order that Plaintiff file an amended complaint that does not include any claims raised on behalf of her son, (Doc. No. 42).

Defendants filed the instant Motion to Dismiss and Memorandum in Support on November 16, 2022. (Doc. Nos. 45, 46). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this Court issued a Roseboro Order advising Plaintiff, who appears *pro se*, of the burden she carries in responding to Defendants' Motion to Dismiss. (Doc. No. 47). Plaintiff then filed her *Pro Se* "1) Response to Document 47[,] 2) Motion to Transfer Forum Non Conveniens and improper venue," on February 23, 2023, (Doc. No. 48), and Defendants filed their Reply on March 1, 2023, (Doc. No. 49). The Court will first address Defendants' Motion to Dismiss.

## II.     STANDARD OF REVIEW

"Federal courts have long recognized their inherent power to sanction litigants for misbehavior in the judicial process." White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "involuntary dismissals are appropriate when 'the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.'" Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019), as amended (June 10, 2019) (quoting Fed. R. Civ. P. 41(b)) (brackets omitted). Although Rule 41(b) provides an "explicit basis for this sanction, it is not the source of that inherent power." Id. (cleaned up). Rather, this power "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting

---

interfered with commerce; harassed and bullied plaintiffs by using the internet; tortured and harmed plaintiff for being from the Middle East; etc. Please see plaintiffs' cases in this court, 4th circuit, and Supreme Court for a detailed explanation.

(Doc. No. 43, pp. 1–3).

Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962)). "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of the possibility of dismissal." Id. (internal quotations omitted).

A dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). In deciding whether a Rule 41(b) dismissal is appropriate, a district court should consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson, 925 F.3d at 625 (internal quotations omitted). However, these criteria "are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert denied, 493 U.S. 1084 (1990).[3]

"A dismissal with prejudice under Rule 41(b) is a harsh sanction which should not be invoked lightly. . . ." Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989) (cleaned up). Therefore, dismissal pursuant to Rule 41(b) is "generally permitted . . . only in the face of a clear record of delay or contumacious conduct by the plaintiff." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974) (internal quotations omitted). Such contumacious conduct includes ignoring a court directive that contained "an explicit warning that . . . dismissal would result from failure to obey." Ballard, 882 F.2d at 95. When a party disregards the warning of a district court, that court has

---

[3] In fact, a "district court need not engage in a rigid application of this test . . . when a litigant has *ignored an express warning that failure to comply with an order will result in the dismissal of [her] claim*." Taylor v. Huffman, 120 F.3d 262 (Table) (4th Cir. 1997) (emphasis added) (citing Ballard, 882 F.2d at 95–96). The Court notes that it has provided ample warning to Plaintiff that failure to comply with this Court's Orders would result in dismissal of her claim. See, e.g., (Doc. No. 42, p. 7) ("The Court warns [Plaintiff] for the second time that this Court will strike any additional duplicative, harassing, abusive, or vexatious filings without further notice and may impose sanctions, including monetary sanctions and/or a pre-filing injunction."). Nevertheless, this Court voluntarily chooses to discuss its reasons for dismissing Plaintiff's claim.

"little alternative to dismissal. Any other course would [] place[] the credibility of the court in doubt and invite[] abuse." Id. at 96.

## III.    DISCUSSION

In the present case, any action short of dismissal with prejudice would place the credibility of the Court in doubt and invite additional abuse by Plaintiff. The Court will address each of the four criteria set forth in Attkisson in turn.

### A.    Plaintiff's Responsibility for Conduct

As a *pro se* litigant without an attorney acting on her behalf, Plaintiff bears sole responsibility for her actions, and as such, the first Attkisson factor—"the plaintiff's degree of personal responsibility"— favors dismissal. See Attkisson, 925 F.3d at 625. While *pro se* litigants are entitled to some deference from the courts, Haines v. Kerner, 404 U.S. 519, 521 (1972), they must still comply with the same time requirements and respect for court orders as litigants represented by counsel. Ballard, 882 F.2d at 96; see also Traquth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (noting *pro se* status does not "exempt a party from compliance with relevant rules of procedural and substantive law"). *Pro se* litigants are also subject to the same sanctions as attorneys. White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986) ("There is no distinction between attorney and litigant abuses of the judicial process when applying the inherent power of the federal courts to penalize those responsible for the wrongful conduct.").

Here, Plaintiff knew that continuing upon her course of action would lead to consequences, as the Court specifically made her aware of the possibility of repercussions. The Court twice warned Plaintiff that she would be subject to sanctions "in the event she continues to engage in a pattern of filing duplicative, harassing, or abusive filings." (Doc. No. 28, p. 4); (Doc. No. 42, p. 7). In spite of these warnings, Plaintiff persisted in her contumacious conduct by filing several

additional motions that were similarly duplicative, harassing, and abusive. (See, e.g., Doc. Nos. 33, 36, 38, 43, 44, 48).

Further, Plaintiff also knew that failing to comply with this Court's Orders to provide specific filings would similarly have consequences, as the Court specifically warned Plaintiff of potential penalties. For example, on September 23, 2022 (the "September 2022 Order"), the Court ordered Plaintiff to file an amended complaint and warned that "failure to file such amended complaint may lead to dismissal of her claims." (Doc. No. 42, p. 7). Similarly, after Defendants filed the present Motion to Dismiss, (Doc. No. 45), the Court warned Plaintiff that "failure to respond [to the Motion to Dismiss] may result in Defendant being granted the relief it seeks—that is, dismissal with prejudice of all of Plaintiff's claims." (Doc. No. 47, p. 3). Despite these explicit warnings, to date, Plaintiff has failed to file an amended complaint, and she has likewise failed to adequately respond to Defendants' Motion—nor has she shown any effort to mollify her offensive and harassing conduct, which further supports Defendants' Motion to Dismiss.

As a *pro se* litigant, Plaintiff bears full responsibility for her actions. Further, Plaintiff was fully aware of the consequences of her actions due to the repeated warnings from this Court. Plaintiff's full responsibility for her actions and knowledge of the consequences of those actions thus weigh in favor of this Court's decision to dismiss with prejudice.

**B.    Prejudice to Defendants**

Defendants have been prejudiced by Plaintiff's actions, and as such, the second Attkisson factor also weighs in favor of dismissal. See Attkisson, 925 F.3d at 625. Due to Plaintiff's deliberate failure to comply with the Federal Rules of Civil Procedure and the Orders of this Court,

Defendants have incurred unnecessary expenses in responding to multiple frivolous motions,[4] and they have had to contend with amorphous and vexatious accusations of racism, fraud, and fantastical conspiracies, (see, e.g., Doc. No. 38, p. 2).

Importantly, Plaintiff's failure to comply with this Court's Orders has prevented Defendants from knowing what claims they face.[5] In its September 2022 Order, the Court ordered Plaintiff to file, within twenty-eight days, an amended complaint that did not contain any claims brought on behalf of her child. (Doc. No. 42, p. 2). However, to date, Plaintiff has refused to comply with this Order. As a result, Defendants have remained uninformed of the claims against them and, as a result, have been unable to mount a defense.

## C.    Plaintiff's History of Conduct

Plaintiff has a long history of engaging in vexatious conduct, such that the third Attkisson factor strongly supports dismissal with prejudice. Further, Plaintiff's conduct is not limited to the events following the initiation of the present action; rather, Plaintiff's behavior is part of a pattern that precedes this case.

### 1.    Conduct Prior to the Present Case

Plaintiff's failure to comply with this Court's Orders is similar to Plaintiff's conduct in prior cases. For example, predating this action are five other cases that—like this matter—also challenge the 2018 Settlement Agreement. In the prior cases, "[a]lthough the district court granted

---

[4] Defendants' filings include Motions to Dismiss pursuant to Rule 12, Responses and Replies to Plaintiff's filings, Answers to Plaintiff's Complaint, and the present Motion to Dismiss pursuant to Rule 41(b). (Doc. Nos. 7–12, 19–22, 27, 34–35, 37, 39–40, 45–46, 49).

[5] The Court notes that, "under any pleading standard, a complaint must put a defendant on notice as to what he must defend." Artrip v. Ball Corp., 735 F. App'x 708, 715 (Fed. Cir. 2018) (internal quotations omitted). Dismissal may be appropriate if Plaintiff's complaint "fails to inform Defendants as to what they must defend." See Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010). Furthermore, dismissal with prejudice pursuant to Rule 41(b) is appropriate when a plaintiff fails to comply with a court order to file an amended complaint. See, e.g., Tall v. Comm'r of Howard Cnty. Hous. Auth., No. 22-1870, 2023 WL 3581699 (4th Cir. May 22, 2023).

her multiple extensions of time to do so, [Plaintiff] did not respond in the district court to [Defendants'] motions to dismiss and therefore failed to address their assertions that her complaints were subject to dismissal." Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 *1 (4th Cir. Apr. 4, 2022), cert. denied, 143 S. Ct. 315 (2022). Due to Plaintiff's persistent failure to file a response to the defendants' motions, the Court dismissed the previous cases.[6] Similarly, Plaintiff's persistent refusal to file an amended complaint in the present case warrants dismissal.[7]

Moreover, Plaintiff also has a long history of assailing defendants and the Court with baseless and scurrilous accusations. In Plaintiff's prior cases, this Court found Plaintiff's accusations to be calumnious, and the Fourth Circuit agreed. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022), cert. denied, 143 S. Ct. 315 (2022) (agreeing with this Court's determination that Plaintiff's argument "that the district court's orders were the result of judicial bias . . . is without merit"). In the present case, Plaintiff has similarly assailed Defendants

---

[6] Asr v. Monnett, No. 3:20-CV-139-MOC-DCK, 2020 WL 6365456 (W.D.N.C. Oct. 29, 2020), aff'd as modified sub nom. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022) (dismissed pursuant to Rules 12(b)(1) and 12(b)(6), and for Plaintiff's lack of standing to bring claims on behalf of her son, a minor); Asr v. Williams, No. 3:20-CV-140-MOC-DCK, 2020 WL 6140449 (W.D.N.C. Oct. 19, 2020), aff'd sub nom. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022) (dismissed due to one defendant's judicial immunity and the fact that the other defendant is "not a distinct legal entity capable of being sued"); Nasser Asr v. Hansen, No. 3:20-CV-141-MOC-DCK, 2020 WL 6875153 (W.D.N.C. Nov. 23, 2020), aff'd sub nom. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022) (dismissed due to claims being barred by res judicata and collateral estoppel; for Plaintiff's lack of standing to bring claims on behalf of her son, a minor; and for the release of future claims effected in the 2018 Settlement Agreement); Asr v. Kincaid, No. 3:20-CV-142-MOC-DCK, 2020 WL 6365458 (W.D.N.C. Oct. 29, 2020), aff'd as modified sub nom. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022) (dismissed pursuant to Rules 12(b)(1) and 12(b)(6), and for Plaintiff's lack of standing to bring claims on behalf of her son, a minor); and Asr v. Giordano, No. 3:20-CV-143-MOC-DCK, 2020 WL 6365457 (W.D.N.C. Oct. 29, 2020), aff'd as modified sub nom. Asr v. Eady-Williams, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022) (dismissed pursuant to Rules 12(b)(1) and 12(b)(6)).

[7] The Court also notes that Plaintiff's Response to Defendants' most recent Motion to Dismiss is cursory at best. (See Doc. No. 48, p. 2 (claiming simply that "Defendants [sic] request to dismiss . . . is unlawful because it has no basis in law or fact, and claims that this court must dismiss plaintiffs' case because they failed to comply with this court's illegal and void orders.")). Plaintiff's response fails to address any of Defendants' legal arguments and instead merely restates Plaintiff's improper Motion to Transfer Venue to a court in Canada, which this Court has twice denied. (Text-Only Orders entered October 31, 2022, and November 1, 2022). By failing to use her Response filing to contest any of Defendants' arguments for dismissal, Plaintiff has "therefore failed to address their assertions that her complaints [are] subject to dismissal." See Asr v. Eady-Williams, No. 20-2236 at *1.

and this Court with myriad accusations that they have engaged in a conspiracy to defraud Plaintiff.[8]

This behavior is nothing new for Plaintiff. Rather, it is just the latest in a long pattern where

Plaintiff has made unfounded and harassing allegations in cases before this Court. Such a strong

pattern of conduct supports this Court's decision to dismiss with prejudice.

### 2. Conduct in the Present Case

During the course of the present case, Plaintiff has consistently defied the Federal Rules

of Civil Procedure and the Orders of this Court, which further supports dismissal under Rule 41(b).

In spite of numerous explicit warnings and admonishments from this Court, (see, e.g., Doc. No.

42, pp. 6–7), Plaintiff has repeatedly filed meritless, duplicative, harassing, and abusive motions.

(See, e.g., Doc. Nos. 33, 36, 38, 43, 44, 48). First, in response to Defendants' initial Motions to

Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, (Doc. Nos. 7, 9, 21), Plaintiff

filed Motions for Default, Motions to Strike, and Motions for Sanctions, (Doc. Nos. 14, 15, 23,

24, 25, 26). In these documents, Plaintiff accused Defendants' counsel of, *inter alia*, "lying to the

court, deceiving the court, abusing the process, and obstructing justice"; violating the Rules of

Professional Conduct; and engaging in "misuse and abuse [of the] ECF system." (Doc. No. 24, p.

6). These Motions were meritless, procedurally improper, and duplicative. The Court denied these

---

[8] For example, in Plaintiff's "Reply to Document 37," which was Defendants' Response in Opposition to Plaintiff's Motion to Strike Defendants' earlier Motion to Dismiss, (Docs. Nos. 34–36), Plaintiff states:

> Defendants provided and are providing illegal motions and documents which contain nothing but lies and deceptions; clerks helped defendants to file their illegal documents in ECF, prevented plaintiffs from filing their documents, forged plaintiffs [sic] documents, and…; Judge Whitney used defendants' illegal documents to violate United States constitution, treaties, laws, and rules, deprive plaintiffs of their fundamentally and constitutionally protected rights, and help defendants to flee from justice. Clearly, defendants, [Defendants' counsel], clerks of this court, and Judge Whitney are in (1) mutual agreement and understanding, (2) knowingly joined and working together with (3) intent to illegally dismiss plaintiffs' pleadings and help defendants to flee from justice by jointly using legal means to accomplish an illegal result.

(Doc. No. 38, p. 2).

Motions on April 12, 2022 (the "April 2022 Order"), (Doc. No. 28), instructed Plaintiff on Rule 11 of the Federal Rules of Civil Procedure, and warned her that "in the event she continues to engage in a pattern of filing duplicative, harassing, or abusive filings, this Court will strike such filings without further notice and consider the imposition of sanctions, including a pre-filing injunction." (Id. at 4).[9]

Nevertheless, Plaintiff continued to file meritless, duplicative, harassing, and abusive motions. In response to Defendant Eastover Pediatrics' Motion to Dismiss, (Doc. No. 34), Plaintiff filed (1) a Motion to Strike the Motion to Dismiss, (2) a Motion for Sanctions against Defendants, (3) a Motion for Entry of Default, and (4) a Motion for Default Judgment,[10] (Doc. No. 36). The Court determined these Motions were "meritless and improper," and were "littered with duplicative, improper, and/or unsubstantiated accusations against defense counsel, the Court, and court staff." (Doc. No. 42, p. 6). The Court also emphasized that Plaintiff's Motions for Default Judgment and Entry of Default were the fifth improper filings of their kind. (Id.). In its September 2022 Order, the Court struck these Motions pursuant to Rule 12(f) of the Federal rules of Civil Procedure and warned Plaintiff "for the second time that this Court will strike any additional duplicative, harassing, abusive, or vexatious filings without further notice and may impose sanctions, including monetary sanctions and/or a pre-filing injunction." (Id. at 6–7).

In addition, Plaintiff has also refused to comply with this Court's Orders to file documents on multiple occasions. In its April 2022 Order, the Court gave Plaintiff twenty-eight days to find a proper guardian ad litem for her son after denying Plaintiff's Motion to have herself appointed

---

[9] The Court further warned Plaintiff that Rule 11 allows for other sanctions, including dismissal. (Id. at 5).

[10] Plaintiff repeated her unsubstantiated accusations that Defendants' counsel made false statements to the Court, filed fraudulent and illegal motions, "conspired with this court's judges and clerks," and is motivated by "hatred and animosity against plaintiffs' race and national origin." (Doc. No. 36, pp. 1–6, 10–11, 15). Plaintiff also repeated her unsubstantiated accusation that "this court's judges[] [have] animosity against plaintiffs. . . ." (Id. at 7).

as guardian ad litem. (Doc. No. 28). However, rather than comply with this Order, Plaintiff filed a Motion to Stay the Case, (Doc. No. 30), which this Court promptly denied, (Text-Only Order entered April 15, 2022). Then, one day before the Court's deadline for Plaintiff to obtain a guardian ad litem, Plaintiff filed (1) a Motion to Vacate the Court's Order establishing the deadline for Plaintiff to obtain a guardian ad litem, (2) a Motion to Vacate the Court's Order denying Plaintiff's Motion to Stay the Case, (3) a Motion to have the undersigned judicial officer recused from the case, and (4) a Motion to Admit Evidence. (Doc. No. 33). Once again, Plaintiff's Motions made baseless accusations that the Court and its staff are biased against Plaintiff and have "conspired and colluded" to deprive her of her rights, (id. at 1), and the Court ultimately denied these Motions, (Doc. No. 42 (finding that these claims relied upon "baseless and conclusory 'factual' assertions")).

Plaintiff did not find a guardian ad litem within the twenty-eight-day period set by the Court in its April 2022 Order. However, the Court did not impose any consequence for Plaintiff's inaction until the September 2022 Order—issued five months later—wherein the Court dismissed any claims brought on behalf of Plaintiff's child. (Id. at 2). The Court held such action was appropriate because Plaintiff had entirely failed to comply with the April 2022 Order. (Id.).

More recently, Plaintiff has failed to comply with the Court's Order to file an amended complaint. In its September 2022 Order, the Court gave Plaintiff twenty-eight days to file an amended complaint removing any claims brought on behalf of her son. (Id.). However, Plaintiff did not file an amended complaint within this timeframe. Instead, she filed a Motion to Change Venue to a court in Canada, (Doc. No. 43), which the Court denied. (Text-Only Order entered October 31, 2022). Plaintiff then filed a Motion for Reconsideration, (Doc. No. 44), which the Court also denied. (Text-Only Order entered November 1, 2022). Now, Plaintiff has once again

moved to change venue. (Doc. No. 48). However, to date, Plaintiff has yet to file an amended complaint, and the Court has no reason to believe Plaintiff will do so in the future. To the contrary, in Plaintiff's Response to Defendants' most recent Motion to Dismiss, Plaintiff explicitly stated she is "not going to respond" to this Court's Orders, which she claims are "void." (Doc. No. 48, p. 3). Further, Plaintiff declared she will not respond to Defendants' filings, which she claims are "unlawful." (Id.).

Finally, Plaintiff's conduct is willful and deliberate, as demonstrated by such express refusal to comply with this Court's Orders, and by her repeated violations of the Federal Rules of Civil Procedure—all despite numerous warnings and admonishments from this Court. This Court has twice warned Plaintiff, in no uncertain terms, that she will be subject to sanctions if she fails to comply with the Federal Rules of Civil Procedure and this Court's Orders. (Doc. No. 28, pp. 3–5); (Doc. No. 42, pp. 6–7). Nevertheless, she continues to violate them. As such, Plaintiff's persistent improper conduct weighs very heavily in favor of dismissal with prejudice.

## D.       Alternative Sanctions to Dismissal with Prejudice

The Court has already imposed numerous consequences on Plaintiff, but these have had no effect on Plaintiff's improper behavior. Plaintiff's continued violations despite the Court's repeated warnings indicate that nothing short of dismissal with prejudice will deter Plaintiff from continuing to violate the Federal Rules of Civil Procedure and the Orders of this Court.

As outlined above, all warnings and punishments this Court has imposed thus far have failed to deter Plaintiff from her previous course of unacceptable conduct. (See, e.g., Doc. No. 28; Doc. Nos. 33, 36, 38, 42; Doc. Nos. 43, 44, 48). Despite this Court's clear and repeated warnings, Plaintiff has only continued her pattern of disregard for the Rules of Civil Procedure and the Orders

of the Court, indicating that no sanction short of dismissal with prejudice will deter Plaintiff from continuing these violations.

In sum, each of the four <u>Attkisson</u> factors weighs in favor of dismissal with prejudice: (1) Plaintiff bears full personal responsibility for her conduct; (2) this conduct has caused Defendants significant prejudice; (3) Plaintiff has a very long history of deliberately engaging in such conduct; and (4) sanctions less drastic than dismissal have not been, and will not be, effective at deterring Plaintiff's conduct.

When a party disregards the warning of a district court, that court has "little alternative to dismissal. Any other course would [] place[] the credibility of the court in doubt and invite[] abuse." <u>Ballard v. Carlson</u>, 882 F.2d 93, 96 (4th Cir. 1989), cert denied, 493 U.S. 1084 (1990). Plaintiff has disregarded this Court's warnings and sanctions on multiple occasions. Therefore, dismissal with prejudice of Plaintiff's claims is appropriate and warranted.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (Doc. No. 45), is GRANTED, and Plaintiff's Complaint against Defendants, (Doc. No. 1), is DISMISSED WITH PREJUDICE. Accordingly, Plaintiff's Motion to Change Venue (Doc. No. 48) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 21, 2023

Frank D. Whitney
United States District Judge

13